UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICHARD GREEN, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case number 4:04cv0610 CEJ |
| | ) | TCM |
| CHUCK DWYER and | ) | |
| JEREMIAH W. NIXON,[1] | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

The 28 U.S.C. § 2254 petition of Richard Green, a Missouri prisoner, for federal habeas corpus relief is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

Richard Green ("Petitioner") was convicted following a jury trial of two counts of forcible rape, two counts of armed criminal action, and two counts of kidnaping. His convictions and sentences were affirmed by the Missouri Court of Appeals on January 18, 2000. State v. Green, 13 S.W.3d 656, 657 (Mo. Ct. App. 2000) (per curiam). His motion for rehearing or transfer to the Missouri Supreme Court was denied on March 7. Id. The mandate issued on March 30. He did not seek a writ of certiorari from the United States Supreme Court.

---

[1]Because Petitioner is challenging a sentence to be served in the future, the Attorney General of Missouri, Jeremiah W. Nixon, is added as a proper party respondent. See Rule 2(b), Rules Governing Section 2254.

On June 21, Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. (Resp. Ex. H at 3.) The motion was denied on August 1, 2002. (Id. at 66-71.) The denial was affirmed on appeal on May 20, 2003. Green v. State, 105 S.W.3d 552, 552 (Mo. Ct. App. 2003) (per curiam). The appellate court's mandate issued on June 18. Green v. State, ED81753 (Mo. Ct. App. June 18, 2003), http://www.courts.mo.gov/casenet/cases/searchDockets.do.

On May 13, 2004, Petitioner signed the pending § 2254 petition, seeking habeas relief on three grounds. It was received four days later.

Respondents argue that the petition is time-barred under 28 U.S.C. § 2244(d) because (a) Petitioner is not entitled to a tolling of the statute of limitations for ninety days after his conviction was affirmed on direct appeal because he did not petition for a writ of certiorari; (b) the statute began to run on June 4, 2003, after his post-conviction appeal ended; and (c) consequently, his petition had to be filed by March 4, 2004, and was not filed until May 13, 2004 – seventy days too late.

Title 28 U.S.C. § 2244(d) provides, in relevant part, as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection.

(Alteration added.)

Under § 2244(d)(1)(A), "a state prisoner must file his application for a writ of habeas corpus within one year of the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." **Pierson v. Dormire**, — F.3d —, 2007 WL 984104, *5 (8th Cir. Apr. 4, 2007). If a Missouri prisoner does not, as Petitioner did not, seek a writ of certiorari from the United States Supreme Court, then the statute begins to run at the conclusion of his direct criminal appeal "*followed by the expiration of the time allotted for filing a petition for the writ*." **Smith v. Bowersox**, 159 F.3d 345, 348 (8th Cir. 1998) (emphasis added). The time period for filing a petition for a writ of certiorari is ninety days. See Sup.Ct.R. 13.1. His post-conviction motion was filed within this period. Thus, the statute had not yet begun to run by the time he sought post-conviction review. Consequently, the relevant period is between the expiration of that review process and the filing of his § 2254 petition.

The one-year period "is tolled pursuant to § 2244(d)(2) until the Missouri Court of Appeals has issued the mandate in the state post-conviction case." **Pierson**, 2007 WL 984104 at *6. The mandate issued in Petitioner's post-conviction appeal on June 18, 2003. He then had 365 days within which to file a timely § 2254 petition. His petition was received on May 17.

Therefore, Petitioner's § 2254 petition was timely filed.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Jeremiah W. Nixon is added as a Respondent.

**IT IS FURTHER ORDERED** that Respondents are to address the merits of Petitioner's claims **within thirty days of the date of this Order** and are to state whether any claim in the petition is barred by a failure to exhaust state remedies or a procedural bar.

**IT IS FINALLY ORDERED** that if Petitioner chooses to file a reply to Respondents's amended response, he shall file such reply within **twenty (20)** days of the date the amended response is filed. If Petitioner fails to timely file his reply, the right to file such a reply shall be waived. <u>See</u> Rule 5(e) of the Rules Governing § 2254 Cases.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of May, 2007.